UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
JOHN RODRIGUEZ

                                                     Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity,
POLICE OFFICER ERIC YEUNG, SERGEANT
ISRAEL LINARES, JOHN DOE POLICE
OFFICERS 1-9, SUPERVISING OFFICER
JOHN DOE I, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,
W ADSON FILS, CHERYL SCHREIBER
LEWISON, REZA HEDAYATI and JOHN DOE
HHC EMPLOYEES,                    Defendants.
------------------------------------------------------------------------x

12CV1527-BMC

<u>ORDER</u>

  WHEREAS, on or about September 13, 2011, members of the NYPD submitted an affidavit (See Exhibit A) to the Honorable Judge Koenderman of Queens Criminal Court seeking a warrant to conduct a cavity search of Plaintiff John Rodriguez; and

  WHEREAS, a copy of this warrant and affidavit had previously been produced by the defendants to the Plaintiff in the subject litigation; and

  WHEREAS, this affidavit and warrant indicate that in addition to the affidavit, 'additional testimony was taken' prior to the Court issuing the cavity search warrant (See handwritten notation on page 4 of Exhibit A); and

  WHEREAS, on or about MAY 25, 2012, Plaintiff requested, among other discovery, *Any transcript, tape, memorandum, or other record of any additional testimony taken in support of the warrant other than the Affidavit for Search Warrant already Produced by Defendants* (See Exhibit B, Document Request 6); and

  WHEREAS, to date the defendants have been unable to produce a copy of the transcript of the testimony taken September 13, 2011; and

  WHEREAS, all parties agree that pursuant to Rule 26 of the Federal Rules of

Civil Procedure this testimony, and the transcript that memorializes it, is relevant and discoverable;

    NOW, THEREOFRE, IT IS HEREBY ORDERED THAT:

    (1)    Within seven (7) days of this order, the transcript of this testimony shall be produced and turned over by the City of New York to STECKLOW COHEN & THOMPSON, Counsel for Plaintiff John Rodriguez; and

    (2)    To the extent that the transcript has been sealed, this order of the Court should also be deemed an unsealing order; and

    (3)    Since the request for this information was made more than seventy-five (75) days ago, any expediting costs associated with this transcript will be borne by the Defendants.

    So Ordered:

_____
Hon. Brian M. Cogan
United States District Court Judge
Eastern District of New York

To:    ACC Linda Mindrutiu

       Wylie Stecklow, Esq.

# EXHIBIT A

```
CRIMINAL COURT CITY OF NEW YORK
COUNTY OF QUEENS  :  AR-1
-------------------------------------------x    SEARCH WARRANT
IN THE MATTER OF THE APPLICATION OF              AFFIDAVIT
POLICE OFFICER ERIC YEUNG, SHIELD #13688
OF THE NARCOTICS BOROUGH QUEENS
NEW YORK CITY POLICE DEPARTMENT
FOR A SEARCH WARRANT
-------------------------------------------x
```

AFFIDAVIT FOR SEARCH WARRANT
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS

STATE OF NEW YORK )
COUNTY OF QUEENS  )

    I, POLICE OFFICER ERIC YEUNG, SHIELD #13688, assigned to the NARCOTICS BOROUGH QUEENS, being duly sworn, deposes and says,

1.    I am a police officer and have been for approximately five (5) years. I have investigated narcotics and marihuana cases for approximately five (5) years.

2.    I have information based upon the following:

    A.    I am currently assigned to an investigation regarding alleged marihuana possession within the rectum of John Rodriguez, a Black male, approximately 5'8" tall, weighing approximately 170 pounds, with a date of birth of June 26, 1970, and who is presently in the custody of the New York City Police Department at Queens General Hospital, County of Queens, State of New York.

    B.    As specified below, I am relying upon my own personal observations, and the observations of Detective Patrick Fogarty.

    C.    On September 13, 2011, at approximately 2:50 p.m., the following transpired:

    I and Detective Patrick Fogarty were present in the vicinity of Frame Place and 41st Road, County of Queens, pursuant to our duties as police officers in a drug-prone area. While at that location, I observed a person subsequently identified as "John Rodriguez" (NYSID: 05861832Z) in the driver's seat of an automobile drive up and double-park a several feet in front of my position. Moments later, I observed a person subsequently identified as ▇▇▇▇▇ walk up to Rodriguez's automobile and appear to engage Rodriguez in a brief conversation. ▇▇▇▇▇ then walked away from Rodriguez only to return moments later and enter into the front passenger side of Rodriguez's automobile. Rodriguez then drove his automobile away. While Rodriguez was driving, I am informed by Detective Patrick Fogarty that he observed Rodriguez discard several items on to the road from the driver's side window of his automobile.

    At approximately 3:00 p.m., in front of 133-58 41st Avenue, County of Queens, I conducted a car stop of Rodriguez's automobile. I am informed by

58

NYC108

Detective Patrick Fogarty that as he approached the driver's side window of Rodriguez's automobile, he observed Rodriguez place his hands near the center of his lower back and appear to push an item in between his buttocks underneath his loose-fitting jeans and boxer shorts. I am further informed by Detective Fogarty that he also observed ▇▇▇ holding two plastic bags each containing a quantity of marihuana in his left hand and a sum of United States currency protruding from an open wallet on his lap. I subsequently recovered two plastic bags each containing a quantity of marihuana from ▇▇▇ as well as an ice pick from the center console of Rodriguez's automobile. As Rodriguez exited the automobile, I observed him to have an irregular gait and appear to be clenching the muscles in his buttocks. Rodriguez was then transported to the 109 Precinct and subsequently to Queens General Hospital.

D. I subsequently reviewed the records of the New York State Division of Criminal Justice Services which revealed that John Rodriguez, having NYSID: 05861832Z, has an active bench warrant stemming from his arrest for Criminal Possession of Marihuana in the Fifth Degree, and he has been convicted of Criminal Possession of a Weapon in the Fourth Degree, Criminal Sale of a Controlled Substance in the Third Degree, and Criminal Possession of Marihuana in the Fifth Degree on three separate occasions.

3. I am informed by Detective Patrick Fogarty that he has had professional training as a Detective in the identification of controlled substances and marihuana, has previously participated in arrests for the criminal possession of controlled substances and marihuana, and has previously seized controlled substances and marihuana. I am informed by Detective Fogarty that it is his opinion that the property in this case as observed by him is marihuana.

4. I have had professional training as a Police Officer in the identification of controlled substances and marihuana, have previously participated in arrests for the criminal possession of controlled substances and marihuana, and have previously seized controlled substances and marihuana. It is my opinion that the property in this case as recovered by me is marihuana.

5. I respectfully request the Court's permission to execute this warrant immediately, as John Rodriguez is presently under the custody of members of the New York City Police Department at Queens General Hospital.

6. I am requesting that should it be deemed medically necessary for the safety of John Rodriguez, a medical professional may aid in the execution of this warrant under the supervision of members of the New York City Police Department.

7. Based upon the foregoing reliable information and upon my personal knowledge, there is reasonable cause to believe that such property, to wit: marihuana, marihuana paraphernalia, including but not limited to, plastic bags, are being unlawfully possessed of which constitutes evidence or tends to demonstrate that an offense was committed or that a particular person participated in the commission of an offense in violation of Article 221 of the Penal Law of the State of New York within the rectum of John Rodriguez, a Black male, approximately 5'8" tall, weighing approximately 170 pounds, with a date of birth of June 26, 1970, and who is presently in the custody of the New York City Police Department at Queens General Hospital, County of Queens, State of

New York.

WHEREFORE, I respectfully request that the court issue a warrant and order of seizure, in the form annexed, authorizing the search of the rectum of John Rodriguez, a Black male, approximately 5'8" tall, weighing approximately 170 pounds, with a date of birth of June 26, 1970, and who is presently in the custody of the New York City Police Department at Queens General Hospital, County of Queens, State of New York, for marihuana, marihuana paraphernalia, including but not limited to, plastic bags, and directing that if such property or evidence or any part thereof be found that it be seized and brought before this Court, together with any such other and further relief that the Court may deem proper.

To my knowledge no previous application in this matter that has been made in this or any other court or to any other judge, justice or magistrate.

_____
POLICE OFFICER ERIC YEUNG, SHIELD #13688

Sworn to before me this
13th day of September, 2011

ask   7:30pm
_____
JUDGE:

myu/NIB       Additional testimony
              taken
              ask

HON. KOENDERMAN
AR-3  9/10/11
REPT. CARROLL

60

NYC110

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOHN RODRIGUEZ                                          :     INDEX NO. 12-cv-1527
                                                        :     ECF CASE
                                                        :
                            Plaintiff,                  :
                                                        :
            - against -                                 :
                                                        :     **PLAINTIFF'S INITIAL**
THE CITY OF NEW YORK, a municipal entity,               :     **DOCUMENT REQUESTS**
POLICE OFFICER ERIC YEUNG, SERGEANT                     :     **TO DEFENDANTS**
ISRAEL LINARES, JOHN DOE POLICE                         :
OFFICERS 1-9, SUPERVISING OFFICER                       :
JOHN DOE 1, THE NEW YORK CITY                           :
HEALTH AND HOSPITALS CORPORATION,                       :
WADSON FILS, CHERYL SCHREIBER                           :
LEWISON, REZA HEDAYATI and JOHN DOE                     :
HHC EMPLOYEES                                           :
                                                        :
                                                        :
                            Defendants.                 :
                                                        :
------------------------------------------------------------------------X

**PLAINTIFF'S INITIAL DOCUMENT REQUESTS
TO DEFENDANTS**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 34 you, the DEFENDANTS in this action, are required to produce the following documents within the time prescribed by the Rule at the Stecklow Cohen & Thompson, 10 Spring Street, Suite 1, New York, NY 10012.

**DEFINITIONS**

The following definitions shall apply to those documents to be produced and the instructions therein:

1

1. "Document" refers to a record of information in any form, whether in paper, digital or other format, and including written documents, photographs, audio, and video.

2. "Incident" refers to the events which occurred on September 13-14 2011, which are the subject of the Complaint in this action.

## INSTRUCTIONS

1. For all documents that exist in electronic format, please produce such documents together with all metadata.

2. Please produce all plain text, Excel, Word, PowerPoint, or Outlook files in their native electronic format, including all metadata.

## DOCUMENT REQUESTS

1) Any written training materials, guidelines, policies or procedures concerning the performance of any of the following:

   a) A strip search;

   b) An search of a person's body cavities by means of an X-ray examination;

   c) A monitored bowel movement;

   d) A manual body cavity search; or

   e) Any other procedure performed for the purpose of determining whether a person has contraband secreted inside his or her body?

2) All documents concerning, arising out of, or referring to the incident giving rise to this action or any portion of said incident.

3) All documents concerning any drugs or contraband recovered from Plaintiff, from the car driven by Plaintiff, or from Plaintiff's passenger.

2

4) All documents relating to any investigation of the incidents underlying this action by the Civilian Complaint Review Board.

5) All documents relating to any investigation of the incidents underlying this action by the Internal Affairs Bureau.

6) Any transcript, tape, memorandum, or other record of any additional testimony taken in support of the warrant other than the Affidavit for Search Warrant already produced by Defendants.

7) All video or photographs of the scene of the arrest, of the Plaintiff, of any evidence documented or seized, of any witness statements, or of the procedures performed by NYPD and medical personnel at Queens Hospital Center.

8) Recent photos of the officers/medical personnel determined to have been present for any portion of the incident.

9) The following documents concerning the Plaintiff or the incident, to the extent not already provided:

   a) NYPD complaint report

   b) Defendant officer's memobook entries or daily activity report

   c) 911 report, including any recordings

   d) Radio run reports (audio and written)

   e) Stop and frisk reports (e.g., UF250)

   f) Aided reports (or any line-of-duty injury reports)

   g) Property vouchers

   h) Evidence vouchers

   i) Omniform

3

    j) Mugshot

    k) Reports of medical treatment for plaintiff while in custody

    l) DAT

    m) Summons

    n) Handwritten OLBS form

10) The following documents concerning the Plaintiff or the incident:

    a) Transcripts or tapes of any G.O.-15 hearing(s) or administrative hearings concerning this incident.

    b) 49 memorandum or other Unusual Incident Report.

    c) Personnel records of each named defendant (to the extent not already subject to the Court's ruling at the Preliminary Conference), as well as records of substantiated and unsubstantiated incidents of excessive force, deceit, or false statements by defendant officers.

11) All documents relating to the Plaintiff for the four years prior to the incident.

12) All medical or hospital records relating to the Plaintiff's examination or treatment at Queens Hospital Center.

13) All medical or hospital records relating to the Plaintiff's medical care at Riker's Island.

14) All written or recorded statements of the Plaintiff recorded and/or preserved in any medium.

15) Copies of the criminal records of the Plaintiff, in the Defendants' possession.

DATED:    New York, New York
              May 25, 2012

                                      Respectfully submitted,

                                                                5

                                                                                                                                     _____/s/_____  
                                                                  DAVID A. THOMPSON, ESQ.  
                                                                  Stecklow Cohen & Thompson  
                                                                  10 SPRING STREET – SUITE 1  
                                                                  New York, New York 10012  
                                                                  Phone: [212] 566-8000  
                                                                  Fax:  [212] 202-4952  
                                                                  ATTORNEY FOR PLAINTIFF